**In re Pierre SPRETER.**

**Appeal No. 81–521.**

United States Court of Customs and Patent Appeals.

Oct. 15, 1981.

2. U.S. Patent Des. 247,317, issued to Mantelet on February 21, 1978, for an ornamental design for a cosmetic applicator:

plate having a smooth surface. The top surface of the lighter is plain.

(top view)

(bottom view)

The claimed design was rejected under 35 U.S.C. § 103 as unpatentable over the design of the cigarette lighter shown in Great Britain Design Registration No. 972,383 of May 26, 1976 (British lighter), taken with the design of the Industrial Design lighters reproduced below.

Philip H. Gottfried and Jay A. Bondell, New York City, for appellant.

Joseph F. Nakamura, Sol., John W. Dewhirst, Asst. Sol., and Fred McKelvey, Washington, D. C., of counsel for Patent and Trademark Office.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

RICH, Judge.

This appeal is from the decision of the United States Patent and Trademark Office (PTO) Board of Appeals (board) affirming a rejection of appellant's application for a design patent, Serial No. 745,874, filed November 29, 1976, under 35 U.S.C. § 103. We affirm.

### Background

The claimed design is for a cigarette lighter (reproduced below) in the form of an upstanding, generally rectangular housing, the surface of which is for the most part embossed with a three-dimensional diamond pattern. Approximately one-sixth of the way down from the top of the lighter, the embossed diamond pattern is interrupted by four rows of horizontal convex ribs which encircle the lighter and which are capped on one narrow side of the lighter by a square

British lighter

Industrial Design
lighter #1

Industrial Design
lighter #2

The examiner stated that the claimed design differs from the British lighter "only by the variation of surface pattern on the body and cap of the lighter," and that "the diamond surface pattern * * * is old as indicated by both of the Industrial Design lighters." The "appearance produced by the combined references," the examiner stated, "would be obvious," the standard for obviousness being that of "the ordinary designer rather than the ordinary intelligent man."

### The Board Opinion

The board affirmed the rejection, noting that a combination of references in a design patent case is proper and that "It is not necessary that references actually suggest, expressly or in so many words, the changes or possible improvements the appellant has made." Recognizing that different "tests" exist in various courts, the board said that whether the standard employed for determining obviousness be that of the "ordinary observer," endorsed by this court, or that of the "ordinary designer" utilized by the federal courts in the District of Columbia, the result is the same—the "claimed design does not give a significantly different impression from *that provided by the references.*" (Emphasis ours.)

### OPINION

 For the reasons explained in the majority opinion in Appeal No. 80–615, *In re A. Eugene Nalbandian,* 661 F.2d 1214 (Cust. & Pat.App.), concurrently decided, the court adopts the "ordinary designer" as the 35 U.S.C. § 103 "person having ordinary skill in the art." Utilizing that "test," we conclude that it "would have been obvious" for an "ordinary designer" to combine the elements of the prior art references to form appellant's design. The decision of the board is therefore *affirmed.*

*AFFIRMED.*

BALDWIN, J., concurs in the result.